1  Jonathan D. Miller (Bar No. 220848)
   jonathan@nshmlaw.com
2  Alison M. Bernal (Bar No. 264629)
   alison@nshmlaw.com
3  NYE, STIRLING, HALE & MILLER, LLP
   33 West Mission Street, Suite 201
4  Santa Barbara, California  93101
   Telephone: (805) 963-2345
5  Facsimile: (805) 563-5385

6  *Additional counsel listed below.*

7  Attorneys for Plaintiffs, Luke Davis, Julian
   Vargas, American Council of the Blind, and the
8  Proposed Class

9  ## UNITED STATES DISTRICT COURT

10  ## FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

*Left margin (vertical):* NYE, STIRLING, HALE & MILLER — 33 WEST MISSION STREET, SUITE 201 — SANTA BARBARA, CALIFORNIA  93101

| | |
|---|---|
| 12 LUKE DAVIS, JULIAN VARGAS, and AMERICAN COUNCIL OF THE BLIND, individually and on behalf of all others similarly situated, | CASE NO.: 2:20-cv-00893-FMO-KS |
| 13 | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| 14                Plaintiffs, | 1.  Violation of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*) |
| 15        v. | |
| 16 LABORATORY CORPORATION OF AMERICA HOLDINGS, | 2.  Violation of California's Unruh Civil Rights Act (Cal. Civil Code § 51 *et seq.*) |
| 17                Defendant. | 3.  Violation of California's Disabled Persons Act (Cal. Civil Code § 54, *et seq.*) |
| 18 | |
| 19 | |
| 20 | 4.  Violation of Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794(a) |
| 21 | |
| 22 | 5.  Violation of Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557"), 42 U.S.C. § 8116. |
| 23 | |
| 24 | |
| 25 | TRIAL DATE:      None set |

26        Plaintiffs Luke Davis and Julian Vargas (hereinafter individual "Plaintiffs"),

27  individually and on behalf of all others similarly situated, and Plaintiff American

28  Council of the Blind (hereinafter "ACB," and together with the "Individual

1

Plaintiffs," the "Plaintiffs"), by their attorneys, allege the following upon information and belief, except for those allegations pertaining to Plaintiffs, which are based on their personal knowledge:

## NATURE OF THE ACTION

1.      Plaintiffs Luke Davis and Julian Vargas are visually impaired individuals who rely upon auxiliary aids and services such as screen reading software, accessible electronic and information technologies, and other effective methods of making visually delivered materials available to persons who are blind or have low vision. Plaintiff ACB is a nationwide membership organization of blind and visually impaired persons. ACB's mission is to increase the independence, security, equality of opportunity, and quality of life for all blind and visually impaired people.

2.      Defendant Laboratory Corporation of America Holdings, (collectively "Defendant" or "LabCorp") discriminated against Plaintiffs by refusing and failing to provide auxiliary aids and services to Plaintiffs, and by requiring Plaintiffs to rely upon other means of communication that are inadequate to provide equal opportunity to participate in and benefit from Defendant's health care services free from discrimination.

3.      The Individual Plaintiffs bring this action individually and on behalf of all others similarly situated to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure Plaintiffs effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services. Plaintiffs seek declaratory, injunctive, and equitable relief and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations. Additionally, Plaintiff Vargas brings this action individually and on behalf of all other similarly situated California residents and

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

FIRST AMENDED CLASS ACTION COMPLAINT

seeks declaratory, injunctive, and equitable relief and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of California's Unruh Civil Rights Act, California Civil Code § 51 *et seq.* ("Unruh Act"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) ("The Rehabilitation Act"), and Section 1557 of the Patient Protection and Affordable Care Act ("Affordable Care Act"), and for statutory damages, in accordance with California Civil Code § 52(a).

4.      The Individual Plaintiffs have visited Defendant's facilities and were denied full and equal access as a result of Defendant's inaccessible touchscreen kiosks for self-service check-in. Similar denials of full and equal access to Defendants' services have been faced around the country by members of Plaintiff ACB. Defendant requires all patients use the inaccessible e-check-in touchscreen kiosk to announce their arrival, sign in, and/or register for their appointments.

5.      Defendant's touchscreen kiosks for self-service check-in do not contain the necessary technology that would enable a person with a visual impairment to a) enter any personal information necessary to process a transaction in a manner that ensures the same degree of personal privacy afforded to those without visual impairments; or b) use the device independently and without the assistance of others in the same manner afforded to those without visual impairments. Plaintiffs were informed by staff of Defendant that the kiosks are not accessible to the blind. As a result, the Individual Plaintiffs, members of Plaintiff ACB, and all other visually impaired individuals are forced to seek the assistance of a sighted person, and thereafter divulge their personal medical information to that sighted person in a nonconfidential setting in order to register.

6.      By failing to make its touchscreen kiosks accessible to visually impaired persons, Defendant, a public accommodation subject to Title III of the ADA and the Unruh Act, deprives blind and visually-impaired individuals of the full benefits of Defendant's health care services—all benefits it affords nondisabled

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

3

individuals—thereby increasing the sense of isolation and stigma among these Americans that Title III of the ADA, the Rehabilitation Act, the Affordable Care Act, and the Unruh Act were meant to redress.

7.     Defendant has demonstrated through its interactions with the Individual Plaintiffs and members of ACB that it has adopted a policy and/or pattern and practice of refusing to provide an accessible check-in system for its visually impaired patients, and that this decision, on information and belief, is based purely on financial considerations. Defendant launched the touchscreen kiosks as part of Defendant's Launchpad initiative. The initiative "is focused on eliminating manual processes, digitizing the business, using technology to improve quality, operations and service, and enhancing the consumer experience, which are designed to unlock new avenues for growth and contribute to improvement in long-term margins. This initiative is expected to generate pre-tax net savings of approximately $200 million over the three-year period ending in 2021, with pre-tax, one-time charges expected to be approximately $40 million."[1]

8.     Defendant has further demonstrated through its interactions with the individual Plaintiffs and members of ACB that Defendant's employees are not properly trained regarding the civil rights, communication needs, or how to interact with visually impaired individuals.

9.     Defendant's discrimination sends a message that it is acceptable for medical providers to adopt policies, procedures and practices that deprive blind and visually impaired individuals of the opportunity to be full partners in their receipt of health care services.

10.     The ADA, Affordable Care Act ("ACA"), and the Unruh Act expressly contemplate injunctive relief aimed at modification of a policy or practice that

---

[1] See, https://ir.labcorp.com/news-releases/news-release-details/labcorp-announces-2018-fourth-quarter-and-full-year-results-and (last accessed January 22, 2020).

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs seek in this action. In relevant part, the ADA states:

> Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods…

42 U.S.C. § 12188(a)(2); Cal. Civ. Code, § 52(c)(1). *See also*, 45 C.F.R. § 92.105.

11.     Consistent with 42 U.S.C. § 12188(a)(2), 42 U.S.C. § 128182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a), 29 U.S.C. § 794, 45 U.S.C. § 92.5(a) (applying Section 504 remedies to Section 1557 claims), and the Unruh Act, Plaintiffs seek a permanent injunction requiring that:

a.     Defendant take all steps necessary to bring its touchscreen kiosks into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that blind and visually impaired patients of LabCorp may check in independently, including ensuring the arrival of a blind or visually impaired patient is promptly recognized by LabCorp, and that LabCorp's touchscreen kiosks are fully accessible to, and independently usable by, individuals with visual disabilities, through the implementation of necessary technology that would enable persons with a visual impairment to enter any personal information necessary to process a transaction in a manner that ensures the same degree of personal privacy afforded to those without visual impairments and use the device independently and without the assistance of others in the same manner afforded to those without visual impairments;

b.     Defendant modify its existing policies, practices, and procedures so these barriers to accessibility do not reoccur; and

c.     Plaintiffs' representatives shall monitor Defendant's facilities to ensure that the injunctive relief ordered pursuant to Paragraph 11.a. and 11.b.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

has been implemented and will remain in place.

12.     Plaintiffs' claims for permanent injunctive relief are asserted as a nationwide class claim pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiffs seek injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2).  This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . ..  Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

13.     In addition, Plaintiff Vargas' claims for statutory damages pursuant to California Civil Code section 52(a) are asserted as a California statewide class claim pursuant to Fed. R. Civ. P. 23(b)(3).

## **PARTIES**

14.     Plaintiff Luke Davis is a resident of Philadelphia, Pennsylvania. Mr. Davis is an independent, visually impaired person. Mr. Davis has a medical condition, the diagnosis and monitoring of which requires periodic blood tests. He has visited Lab Corp for some of these tests, and for other routine medical blood tests, on multiple occasions in the last few years.

15.      Plaintiff Julian Vargas is a resident of Los Angeles, California. As described above, Mr. Vargas is a visually impaired person. Mr. Vargas was born with a genetic eye disorder referred to as Leber Congenital Amaurosis ("LCA"), and as a result is blind. Like Mr. Davis, Mr. Vargas is very independent and owns his own business teaching individuals with disabilities how to use mobile assistive technology.

6

16.     Plaintiff American Council of the Blind was founded in 1961, and is a national membership organization of approximately 20,000 blind and visually impaired persons, organized as a non-profit corporation under the laws of the District of Columbia. ACB has members in all 50 states and the District of Columbia, and seeks to increase the independence, security, equality of opportunity, and quality of life for all blind and visually impaired people. ACB brings this action in an associational capacity on behalf of its blind and visually impaired members who have been and will continue to be denied the full and equal enjoyment of Defendants' goods and services. ACB exists to ensure that governments, businesses, employers, and other individuals comply with the laws that protect the rights of people who are blind or visually impaired to participate fully in all aspects of American society. ACB's members around the nation are current and/or potential customers of Defendants and seek access to Defendants' goods and services on a private and equal basis. However, ACB members have encountered persistent barriers to accessibility during the registration process at Defendants' clinics.

17.     The Individual Plaintiffs and members of ACB are therefore members of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*., the Affordable Care Act, the Rehabilitation Act, the Disabled Persons Act, and the Unruh Act, Cal. Civ. Code, § 51 *et seq.*

18.     Defendant Laboratory Corporation of America Holdings is, and at all times relevant hereto was, a Delaware Corporation, with its headquarters in Burlington, North Carolina. Defendant owns and operates laboratories, patient service centers, offices, and other facilities throughout the United States. Defendant is "a leading global life sciences company that is deeply integrated in guiding patient care through its comprehensive clinical laboratory and end-to-end drug development services." See, "About Us" at www.labcorp.com/about-us (last accessed January 22, 2020).

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

19.     The LabCorp location which Plaintiff Julian Vargas visited is located at is 15211 Vanowen Street, Unit 319, Van Nuys, California 91405. 21The LabCorp location which Plaintiff Luke Davis visited is located at 9331 Old Bustleton Avenue, Philadelphia, Pennsylvania 19115. Members of ACB have visited LabCorp locations around the country and encountered similar barriers to accessibility as those encountered by the individual Plaintiffs.

20.     Defendant's facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(G) and Defendant is, on information and belief, a recipient of federal financial assistance. Thus, it is subject to the requirements of the ADA, the Rehabilitation Act, the Affordable Care Act, and the Unruh Act.

## FACTUAL BACKGROUND

**The Individual Plaintiffs and Members of ACB Have Been Denied Full and Equal Access to Defendants' Facilities**

21.     Plaintiff Davis has visited LabCorp patient service centers on multiple occasions. Mr. Davis has faced the following access barriers when trying to make appointments and/or check-in at LabCorp:

a.     October 11, 2016: Mr. Davis attempted to make an appointment via the LabCorp website using the Safari web browser on iOS. Many parts of the LabCorp website were completely inaccessible and required sighted assistance.

b.     December 23, 2017: Mr. Davis had the same experience trying to make an appointment that he had in October 2016. When he arrived at the appointment, the kiosk was completely inaccessible. Fortunately, Mr. Davis was accompanied by a family member who used the kiosk at the location to sign him in. The kiosk check-in process required several pieces of private personal information. Because the kiosk was inaccessible, Mr. Davis had to speak this private medical information out loud to his family member in a small public waiting room, within

8

1   earshot of other customers.

2   c.   March 28, 2018: Mr. Davis had a walk-in visit where he again faced the

3        same issue with the inaccessible kiosk. Again, he fortunately had a

4        family member with him to check him in using the kiosk.

5   d.   October 5, 2018: Mr. Davis requested a family member make an

6        appointment for him using Safari on iOS, because of Mr. Davis'

7        difficulty accessing the website. When he arrived for his appointment,

8        the LabCorp staff at the location stated they could not help him check

9        in – Mr. Davis had to use the kiosk. Mr. Davis did not have a family

10       member with him. Another patient's aid worker – who Mr. Davis did

11       not know – but who simply happened to be in the waiting room,

12       checked Mr. Davis in using the kiosk. As a result, Mr. Davis had to

13       orally state private information, including his home address and/or

14       phone number, out loud in a public waiting room to a stranger who had

15       kindly offered to help him check in.

16  e.   Approximately October 4, 2019: Mr. Davis used the LabCorp iOS app

17       to make an appointment. He found the process of choosing a location to

18       be only partially functional (the option to use location services to

19       choose a location close to him either would not work accessibly, or

20       would not work at all), and the entire process was cumbersome and

21       inaccessible. For instance, Mr. Davis found that navigation through the

22       screens was made more difficult by inconsistencies between drag

23       navigation and swipe navigation, with different elements, and element

24       positions, being reported by each method, and neither giving a full

25       understanding of some screens. Mr. Davis further found that the

26       "Toggle navigation" menu button at the app's top left, which was

27       intended to expose various functions, could not be reliably activated

28       with Voiceover. Mr. Davis further found various screen elements that

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

9

were labeled strangely, or that had no effect, or not the effect expected. Examples include the "background" link, the "layer 1" link, and other elements. There are selectable tabs on the screen, with no apparent way to know which is selected. After Mr. Davis made an appointment, he had to answer questions such as "Will you be fasting?", which include "yes" and "no" buttons. These buttons had no accessible indication of which button is selected by default or selected when the user activates one. Under "Financial details", there is no accessible indication of which coverage option is selected. The options are listed as headings, which are not generally selectable options in an HTML or app context. After trying for several hours to make an appointment using the app, Mr. Davis gave up. The following day he tried again and was successfully able to make an appointment with sighted help. Because of the known inaccessibility of the kiosk, Mr. Davis used the mobile check-in option.

f.   October 29, 2019: Mr. Davis attempted to use the website in Windows to make an appointment. He was only able to get through part of the process before an accessibility problem prevented completion. He attempted to file a website feedback form explaining the problem, which the website invited him to do. However, there were required options on the feedback form which were inaccessible to his screen reader, which therefore prevented him from submitting the feedback form. Mr. Davis ended up using the iOS app again. It was a frustrating experience, as before. Because of the known inaccessibility of the kiosk, Mr. Davis used the mobile check-in option.

g.   November 22, 2019: Mr. Davis made an appointment using the iOS app, which was smoother now that he had learned how to work around some of the difficult accessibility areas and knew to just keep trying

10

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1   until it worked. He signed in by mobile check-in due to the
2   inaccessibility of the kiosk.

3   22.   Plaintiff Vargas visited a LabCorp facility on Friday, January 10, 2020.
4   When he arrived, he attempted to sign in using the kiosk so that he would not lose
5   his spot in line. He was unable to check-in at the kiosk. He then asked for, and
6   waited for, a staff member to check in. The staff member finally arrived and
7   expressly told him that the kiosk was not accessible to blind individuals. Mr. Vargas
8   visited the LabCorp patient service center located at 15211 Vanowen Street, Unit
9   319, Van Nuys, CA 91405.

10   23.   Members of ACB have had similar experiences to the Individual
11   Plaintiffs.  Members ranging from Missouri, North Carolina, Colorado, Florida,
12   Texas, and the District of Columbia have reported to ACB that they have visited
13   LabCorp and been unable to sign in independently, and required the assistance of
14   someone other than a staff member to check in for their appointments.26.   As a
15   result of Defendant's failure to ensure effective communications with the Individual
16   Plaintiffs and members of ACB, and denial of auxiliary aid and services, the
17   Individual Plaintiffs and members of ACB received services that were objectively
18   substandard, inaccessible, and inferior to those provided to sighted patients, and
19   were subjected to discriminatory treatment because of their disability.

20   24.   Despite this difficulty, frustration, and unequal treatment, the individual
21   Plaintiffs and members of ACB will seek Defendant's health care services in the
22   future, whether by choice or necessity, due to the proximity of Defendant's facilities
23   to their homes, and their insurance coverage, and anticipate being required to do so
24   in order to have additional testing completed, but are deterred from doing so due to
25   the discrimination they have faced and expect to face in the future. Furthermore, the
26   individual Plaintiffs and members of ACB intend to return to Defendant's facilities
27   to ascertain whether those facilities remain in violation of accessibility standards.
28   //

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

FIRST AMENDED CLASS ACTION COMPLAINT

**Defendant Repeatedly Denies Individuals With Disabilities Full and Equal Access to Defendants' Facilities.**

25.     As the owner and manager of its patient service centers, website, and mobile applications, Defendant employs centralized policies, practices, and procedures with regard to its company-wide policy of electronic check-in at its patient service centers.

26.     Though Defendant may have centralized policies regarding the maintenance and operation of its touchscreen kiosks, websites, and mobile applications, Defendant has never had a plan or policy that is reasonably calculated to make its touchscreen kiosks and check-in options fully accessible to, and independently usable by, individuals with vision related disabilities.

27.     As a result of Defendant's non-compliance with the ADA, Section 1557, Section 504, and Unruh Act, the Individual Plaintiffs and members of ACB have been denied the benefit of full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations, have been denied participation in and have been treated unequally by the Defendant, and Defendant has failed to provide effective and accessible auxiliary aids or services that protect the Individual Plaintiffs' and members of ACB's privacy and independence.

28.     If Defendant's touchscreen kiosks and web-based check-in options were accessible, i.e. if Defendant removed and remediated the access barriers described above, the Individual Plaintiffs and members of ACB could independently and privately utilize Defendant's products and services.

29.     Unfortunately, Defendant denies approximately 8.1 million[2] Americans who have difficulty seeing access to its goods, products, and services because the

---

[2]     Press Release, United States Census Bureau, Nearly 1 in 5 People Have a Disability in the U.S., Census Bureau Reports *Report Released to Coincide with 22nd Anniversary of the ADA* (Jul. 25, 2012), *available at* https://www.census.gov/newsroom/releases/archives/miscellaneous/cb12-134.html (last accessed April 25, 2019) ("About 8.1 million people had difficulty seeing, including 2.0 million who were blind or unable to see.").

FIRST AMENDED CLASS ACTION COMPLAINT

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

touchscreen kiosks and web-based check-in options are not readily accessible and usable by persons with visual impairments.

## JURISDICTION AND VENUE

30.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

31.     Plaintiffs' claims asserted herein arose in this judicial district, and Defendant does substantial business in this judicial district. Specifically, Defendant is registered to do business in California and has hundreds of locations throughout the state, including in this judicial district.

32.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2). Defendant is subject to personal jurisdiction in this District because Defendant does substantial business in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Defendant engaged in the extensive promotion, marketing, distribution, and sales of the services at issue in this District. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

## CLASS ASSERTIONS

33.     Plaintiffs Luke Davis and Julian Vargas ("the Individual Plaintiffs") bring this matter on behalf of themselves and those similarly situated.

34.     The Individual Plaintiffs seek certification of the following Nationwide Class: "all legally blind individuals who visited a LabCorp patient service center in the United States and were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations due to LabCorp's failure to comply with the ADA's and Rehabilitation Act's auxiliary aids and services requirements during the Class Period." (The "Nationwide Injunctive Class"). The Individual Plaintiffs reserve the right to amend or modify the Class definition in connection with a motion for Class certification and/or the result of discovery.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

35.     Plaintiff Vargas also seeks certification of the following California sub-class: "all legally blind individuals who visited a LabCorp patient service center in California and were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations due to LabCorp's use of touchscreen check-in kiosks." Plaintiff Vargas reserves the right to amend or modify the sub-Class definition in connection with a motion for Class certification and/or the result of discovery.

36.     The California sub-class seeks class wide damages pursuant to California Civil Code § 52(a) in the amount of $4,000 per violation and, pursuant to California Civil Code § 54.3 in the amount of $1,000 per violation, based on Defendant's wrongful policy and practice of failing to provide full and equal access to visually impaired Californians as alleged herein. This action does not seek class recovery for actual damages, personal injuries or emotional distress that may have been caused by Defendant's conduct alleged herein.

37.     This action should be certified as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2) for the Nationwide Injunctive Class. It satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

A.     Numerosity: Class Members are so numerous that joinder of all members is impracticable. Plaintiffs believe that there are tens of thousands of visually impaired individuals who are Class Members who have been harmed and suffered discrimination due to Defendant's failure to comply with the ADA's auxiliary aids and services requirements.

B.     Commonality: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are denied their civil rights to full and equal access to, and use and enjoyment of Defendant's facilities and/or

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

14

services due to Defendant's failure to make its facilities fully accessible and independently usable as described above.

C.   <u>Typicality</u>: The Individual Plaintiffs' claims are typical of the claims of the members of the proposed Nationwide Injunctive Class. The claims of Plaintiffs and members of the class are based on the same legal theories and arise from the same unlawful conduct.

D.   <u>Adequacy</u>: The Individual Plaintiffs are all adequate Class representatives. None of their interests conflict with the interests of the Class Members they seek to represent; Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the members of the class, all of whom are similarly situated individuals with visual impairments, and they have a strong interest in vindicating their own and others civil rights; and, they have retained counsel competent and experienced in complex class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA and Unruh Act.

38.   Class certification of the Nationwide Injunctive Class is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted on or refused to act on grounds generally applicable to the Class, making appropriate declaratory, injunctive, and equitable relief with respect to the Individual Plaintiffs and the Class as a whole.

39.   This action should be further certified as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) for the California Unruh Damages Sub-Class. Plaintiff Vargas asserts the subclass, limited to class members who are, or during the relevant time were, residents of California, satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy for the same reasons set forth in preceding paragraph. In addition:

A.   <u>Predominance</u>: Pursuant to Rule 23(b)(3), the common issues of law

FIRST AMENDED CLASS ACTION COMPLAINT

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1   and fact identified above predominate over any other questions
2   affecting only individual members of the California Unruh Damages
3   Sub-Class. The Class issues fully predominate over any individual
4   issue because no inquiry into individual conduct is necessary; all that is
5   required is a narrow focus on Defendant's encounters with visually
6   impaired California residents in its facilities.

B.   Superiority: A class action is superior to the other available methods for
7   the fair and efficient adjudication of this controversy because:

i.   The joinder of thousands of individual Class Members is
9   impracticable, cumbersome, unduly burdensome, and a waste of
10   judicial and/or litigation resources;

ii.   The individual claims of the Class Members are relatively
12   modest compared with the expense of litigating the claims,
13   thereby making it impracticable, unduly burdensome, and
14   expensive—if not totally impossible—to justify individual
15   actions;

iii.   When Defendant's liability has been adjudicated, all Class
17   Members' claims can be determined by the Court and
18   administered efficiently in a manner far less burdensome and
19   expensive than if it were attempted through filing, discovery, and
20   trial of all individual cases;

iv.   This class action will promote orderly, efficient, expeditious,
22   and appropriate adjudication and administration of Class claims;

v.   Plaintiffs know of no difficulties to be encountered in the
24   management of this action that would preclude its maintenance
25   as a class action;

vi.   A class action will assure uniformity of decisions among Class
27   Members;

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

vii.   The Class is readily identifiable from Defendant's own records and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and,

viii.   Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action.

40.   Accordingly, this case should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE ADA, TITLE III
### [42 U.S.C. §§ 12101 *et seq.*]
### (All Plaintiffs Against all Defendants)

41.   Plaintiffs restate each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

42.   At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, *et seq.* was in full force and effect and applied to Defendant's conduct.

43.   At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendant's conduct.

44.   At all times relevant to this action, the Individual Plaintiffs and members of ACB have been substantially limited in the major life activities of seeing. Accordingly, they are considered individuals with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

45.     Defendant operates patient service centers that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F). Defendant further operates web-based check-in processes for its patient service centers, which websites and mobile applications are also considered places of public accommodation as defined under Title III of the ADA, 42 U.S.C. §12181(7).

46.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations." 42 U.S.C. § 12182(a).

47.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A); 28 C.F.R. §§ 36.202.

48.     Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E)

49.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individual with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(b)(1).

50.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation, in choosing the type of auxiliary aid or service to ensure effective communication, must consider the "method of communication used by the individual; the nature, length, and complexity of the communication involved; and

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

FIRST AMENDED CLASS ACTION COMPLAINT

the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii).

51.     Pursuant to Title III of the ADA and its implementing regulations, in order to be effective, the type of auxiliary aid or service provided by the public accommodations "must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii). To this end, the Ninth Circuit has explained, "assistive technology is not frozen in time: as technology advances, [ ] accommodations should advance as well." *Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1163 (9th Cir. 2011).

52.     Auxiliary aids and services include, but are not limited to, audio recordings, screen reader software, magnification software, optical readers, secondary auditory programs, large print materials, accessible electronic and information technology, other effective methods of making visually delivered materials available to individuals who are blind or have low vision, and other similar services and actions. 28 C.F.R. §§ 36.303(b)(2), (4).

53.     Defendant discriminated against the Individual Plaintiffs and members of ACB on the basis of their disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation, and equal opportunity to participate in and benefit from Defendant's health care services, in violation of the ADA.

54.     Defendant further discriminated against the Individual Plaintiffs and members of ACB by failing to ensure effective communication through the specific provision of accessible and effective auxiliary aids and services.

55.     Defendant has violated Title III by, without limitation, failing to take the steps necessary to make their touchscreen kiosks readily accessible and usable by persons with visual impairments, including failing to make any of the web-based

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

19

check in options accessible to patients with visual disabilities, thereby denying individuals with visual disabilities the benefits of the touchscreen kiosks and electronic check-in, providing them with benefits that are not equal to those it provides others, and denying them effective communication.

56.     Defendant has further violated Title III by, without limitation, utilizing administrative methods, practices, and policies that allow its touchscreen kiosks and web-based check in processes to be made available without consideration of consumers who can only participate in and benefit from Defendant's health care services with screen reader programs.

57.     Making their check-in system accessible and usable by persons with visual impairments, including making their touchscreen kiosks and web-based check in processes readily accessible and usable by persons with visual impairments does not change the content of Defendant's electronic check-in procedure or result in making the electronic check-in procedure different, but rather enables individuals with visual disabilities to independently check-in, including independently accessing touchscreen kiosks and web-based check-in processes that Defendant already provides.

58.     As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiffs and/or additional visually impaired persons.

59.     Plaintiffs are therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

**[Cal. Civil Code § 51 *et seq.*]**

**(Plaintiff Vargas Against all Defendants)**

60.     Plaintiff Vargas restates each and every allegation set forth in the

20

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

61.     The Unruh Civil Rights Act, California Civil Code section 51 provides that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b).

62.     Defendant is a business establishment within the meaning of the Unruh Act. Defendant is the owner and operator of business establishments.

63.     Defendant violated the Unruh Act by their acts and omissions, as set forth herein. Specifically, LabCorp's system for offering to the public touchscreen check-in kiosks at thousands of locations throughout California is a business establishment within the meaning of Civil Code § 51, *et seq*. LabCorp generates hundreds of millions of dollars in revenue from the appointments which patients check-in for through the use of e-Check-in touchscreen kiosks. LabCorp's kiosks are an accommodation, advantage, facility, privilege, and service provided by LabCorp, which is inaccessible to blind patrons. This inaccessibility denies blind patients full and equal access to the accommodations, advantages, facilities, privileges, and services that Defendant makes available to the non-disabled public, in violation of the Unruh Civil Rights Act, California Civil Code § 51, et seq. These violations are ongoing.

64.     Defendant's actions constitute intentional discrimination against the class on the basis of a disability in violation of California Civil Code §§51, et seq. Defendant is aware of the complete lack of access of the touchscreen check-in kiosks to blind persons yet has deliberately chosen to provide a benefit and service

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

21

1    that is inaccessible to the blind.

2        65.    Defendant is additionally violating California Civil Code § 51, in that

3    the conduct alleged herein constitutes a violation of various provisions of the

4    Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*., as set forth above.

5    California Civil Code § 51(f) provides that a violation of the right of any individual

6    under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

7        66.    The actions of Defendant were and are in violation of the Unruh Civil

8    Rights Act, California Civil Code §§ 51, *et seq*., and therefore Plaintiff Vargas is

9    entitled to injunctive relief remedying the discrimination. Unless the Court enjoins

10   Defendant from continuing to engage in these unlawful practices, Plaintiffs and

11   members of the class will continue to suffer irreparable harm.

12       67.    Plaintiff Vargas and the California class are further entitled to statutory

13   minimum damages pursuant to California Civil Code § 52 for every individual

14   violation; i.e., each time a legally blind individual had to try to check-in using the

15   inaccessible touchscreen kiosk.

16                    **THIRD CAUSE OF ACTION**

17              **VIOLATION OF THE DISABLED PERSONS ACT**

18                    **[Cal. Civil Code §§ 54-54.3.]**

19              **(Plaintiff Vargas Against all Defendants)**

20       68.    Plaintiffs restate each and every allegation set forth in the foregoing

21   paragraphs of this Complaint with the same force and effect as if more fully set forth

22   herein.

23       69.    California Civil Code §§ 54-54.3 guarantee full and equal access for

24   people with disabilities to all accommodations, advantages, facilities, and privileges

25   of "all places of public accommodation" and "other places to which the general

26   public is invited." LabCorp's thousands of patient service center locations

27   throughout California featuring the inaccessible e-Check-in touchscreen kiosks

28   constitute "places of public accommodation" or "other places where the public is

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

22

invited" within the meaning of California Civil Code §§ 54-54.3.

70.     LabCorp's patient services locations constitute accommodations, advantages, facilities, and privileges provided by Defendant to members of the public in California and are, therefore, subject to the access requirements of California Civil Code § 54.1 applicable to "all places of public accommodation" and "other places to which the general public is invited."

71.     Defendant is violating the right of blind and visually impaired persons to full and equal access to public places by denying full and equal access to LabCorp's e-Check-in touchscreen kiosks in violation of California Civil Code §§ 54-54.3.

72.     Defendant is also violating California Civil Code §§ 54-54.3, in that its actions are a violation of the ADA. Any violation of the ADA is also a violation of California Civil Code § 54.1.

73.     As a result of Defendant's wrongful conduct, Plaintiff Vargas and the California sub-class are entitled to statutory minimum damages under California Civil Code § 54.3 for each offense.

## **FOURTH CAUSE OF ACTION**

### **VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

### **[29 U.S.C. § 794]**

### **(All Plaintiffs Against all Defendants)**

74.     Plaintiffs incorporate the allegations in the preceding paragraphs, as if alleged herein.

75.     The Individual Plaintiffs and ACB members are individuals with a disability protected by Section 504 of the Rehabilitation Act and qualified to receive health services from Defendant. See 29 U.S.C. § 794(a); 45 C.F.R. § 84.3(j).

76.     Defendant is a recipient of federal financial assistance from The Centers for Medicare & Medicaid Services ("CMS") and is therefore subject to Section 504 of the Rehabilitation Act and its implementing regulations. See 29

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

23

U.S.C. § 794; 45 C.F.R. § 84.3(h).

77.     Section 504 of the Rehabilitation Act provides that no qualified individual with a disability shall be subjected to disability-based discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).62. Discrimination includes failing to "[a]fford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," or providing qualified handicapped persons with "an aid, benefit, or service that is not as effective as that provided to others." 45 C.F.R. § 84.4(b)(1)(ii)-(iii); see 45 C.F.R. § 84.52(a)(2)-(3).

78.     Section 504 requires health programs or activities that receive federal financial assistance and that have at least fifteen employees to provide auxiliary aids and services to individuals who are blind. 45 C.F.R. § 84.52(b), (d).

79.     A recipient may not directly or through contractual, licensing, or other arrangements, discriminate on the basis of disability. 45 C.F.R. § 84.4(b)(1).

80.     Defendant's provision of health care constitutes a program or activity receiving federal financial assistance and, as recipients, it is required to ensure that both Defendant and its contractors comply with Section 504 of the Rehabilitation Act.

81.     Defendant has failed and is failing to meet its obligation to provide blind individuals an equal opportunity to use and benefit from their health care programs and activities. In failing to provide blind patients with an accessible check-in system, Defendant has refused to provide the auxiliary aids and services necessary to communicate with blind patients in an equally effective and timely manner that protects their privacy and independence.

82.     As a result of Defendant's actions and omissions, the Individual Plaintiffs and ACB members have suffered and will continue to suffer irreparable harm: they have suffered and continue to suffer from discrimination and unequal access to Defendant's health care services. If there is no change in the status quo,

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1  the Individual Plaintiffs and other ACB members will be denied their right to access

2  and engage fully in the provision of their health care.

3      83.     Plaintiffs are entitled to injunctive relief, as well as reasonable

4  attorneys' fees and costs. Further, each Individual Plaintiff and the class are entitled

5  to compensatory damages.

### FIFTH CAUSE OF ACTION

**VIOLATION OF SECTION 1557 OF THE PATIENT PROTECTION AND**
**AFFORDABLE CARE ACT**

**[42 U.S.C. § 18116]**

**(All Plaintiffs Against all Defendants)**

11     84.     Plaintiffs incorporate the allegations in the preceding paragraphs, as if

12  alleged herein.

13     85.     Since March 2010, there was in full force and effect a statute known as

14  the Patient Protection and Affordable Care Act (the "Affordable Care Act"), 42

15  U.S.C. § 18001, *et seq.,* Pub.L. 111-148. Section 1557 of the Affordable Care Act

16  prohibits discrimination on the basis of race, color, national origin, sex, age, or

17  disability in certain health programs and activities. 42 U.S.C. § 18116. Section

18  1557's implementing regulations, 45 C.F.R. §§ 92.1 – 92.203, effective as of July

19  18, 2016, and affirmed as of June 12, 2020, apply to health programs or activities

20  administered by recipients of Federal financial assistance from the Department of

21  Health and Human Services (the "Department").

22     86.     Defendant participates in one or more Medicare and Medicaid

23  healthcare plans with third-party payers and is a participating provider under

24  Medicare and Medicaid. As a result, thereof, Defendant is a covered entity under

25  Section 1557.

26     87.     The implementing regulations of Section 1557 prohibit discrimination

27  of an individual on the basis of disability, *inter alia*, and prohibit an individual from

28  being excluded from participation in, denied the benefits of, or otherwise be

25

subjected to discrimination under any health program or activity. *See* 45 C.F.R. § 92.101(a)(1). Those regulations, in pertinent part, require covered entities to:

A. Take appropriate initial and continuing steps to notify beneficiaries, enrollees, applicants and members of the public:

    (1)    that the covered entity does not discriminate on the basis of race, color, national origin, sex, age, or disability in its healthcare programs or activities. 45 C.F.R. §92.8 (a)(1);

    (2)    that the covered entity provides appropriate auxiliary aids and services, including qualified interpreters for individuals with disabilities and information in alternate formats, free of charge and in a timely manner, when such aids and services are necessary to ensure an equal opportunity to participate to individuals with disabilities. 45 C.F.R. §92.8 (a)(2);

    (3)    how to obtain aids and services. 45 C.F.R. §92.8 (a)(4);

    (4)    the identification of, and contact information for, the responsible employee designated to be responsible for adoption of grievance procedures. 45 C.F.R. §92.8 (a)(5);

    (5)    the availability of grievance procedures and how to file a grievance pursuant to §92.7(b). 45 C.F.R. §92.8 (a)(6); and,

    (6)    how to file a discrimination complaint with the Department of Health and Human Services Office of Civil Rights. 45 C.F.R. §92.8 (a)(7).

B. That a covered entity shall take appropriate steps to ensure that communications with individuals with disabilities are as effective as communications with others in health programs and activities, in accordance with the standards found at 28 C.F.R. §§

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

26

35.160 through 35.164. 45 C.F.R. § 92.202(a).

28 C.F.R. §§ 35.160 through 35.164 are the communication access standards required of public entities under Title II of the ADA. Where those regulatory provisions use the term "public entity," the term "covered entity" shall apply in its place. *See* 45 C.F.R. § 92.202(a). As applied to Section 1557 covered entities, the Title II regulations require them to "take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1). In addition, a covered entity "shall furnish appropriate auxiliary aids and services where necessary to afford qualified individuals with disabilities, … companions, … an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity of a [covered] entity," 28 C.F.R. § 35.160(b)(1); and "[i]n determining what types of auxiliary aids and services are necessary, a [covered] entity shall give *primary consideration* to the requests of individuals with disabilities ….*"* 28 C.F.R. § 35.160(b)(2) (emphasis added).

88.   Defendant had a duty under Section 1557 to give primary consideration to Plaintiffs' communication preference and provide them with appropriate screen reader software or other appropriate aids and auxiliary services that would allow the Individual Plaintiffs and members of ACB to effective access the check-in service provided to those who are not blind.

89.   Defendant's acts and omissions violated Section 1557 and its implementing regulations as Defendant did not take appropriate steps to ensure that communications with Plaintiff were as effective as communications with others in its healthcare services, and Defendant failed to meet its obligations under Section 1557 and the standards found at 28 C.F.R. §§ 35.160 through 35.164. 45 C.F.R. § 92.202(a).

90.   Section 1557's implementing regulations provide that the enforcement mechanisms available for and provided under Title VI of the Civil Rights Act of

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1964, Section 504 of the Rehabilitation Act, *inter alia*, shall be available for purposes of Section 1557 as implemented by this part, and "compensatory damages for violations of Section 1557 are available in appropriate administrative and judicial actions brought under this rule." *See* 45 C.F.R. § 92.301.

91.    Defendant's conduct constituted violations of Section 1557.

92.    Defendant's conduct constitutes ongoing and continued violations of Section 1557. Unless restrained from doing so, Defendant will continue to violate Section 1557. This conduct, unless enjoined, will inflict injuries on the Individual Plaintiffs and members of ACB for which they will have no adequate remedy at law.

93.    Section 505(a)(2) of the Rehabilitation Act, 29 U.S.C. § 794(a)(2), states the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964 [being 42 U.S.C. § 2000(d) *et sequitur*] shall be available" for violations of section 504 of the Rehabilitation Act. By law, such remedies include compensatory monetary damages. *Barnes v. Gorman*, 536 U.S. 181 (2002).

94.    As a direct and proximate result of the foregoing, the Individual Plaintiffs and members of ACB suffered the loss of a civil right and they suffered great mental anguish; and they will continue so to suffer for a long time in the future; and the Individual Plaintiffs and members of ACB were otherwise injured and damaged.

95.    The Individual Plaintiffs and members of ACB are entitled to reasonable attorneys' fees and costs, pursuant to section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, pray for:

a.    A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA, the Rehabilitation Act, and Section 1557 of the ACA, and

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1     their relevant implementing regulations, in that Defendant took no

2     action that was reasonably calculated to ensure that its touchscreen

3     kiosks were fully accessible to, and independently usable by,

4     individuals with visual disabilities;

5     b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) 28 CFR §

6     36.504(a), 29 U.S.C. § 794, 45 U.S.C. § 92.5(a) (applying Section 504

7     remedies to Section 1557 claims), 42 U.S.C. § 128182(b)(2)(A)(ii), 28

8     C.F.R. § 36.302(a), and California Civil Code, § 51 et seq., which

9     enjoins Defendant from continuing its discriminatory conduct and

10    directs Defendant to take all steps necessary to bring its touchscreen

11    kiosk check-in system into full compliance with the requirements set

12    forth in the ADA, ACA, and the Rehabilitation Act, and their

13    implementing regulations. The permanent injunction should require

14    Defendant to make its touchscreen kiosk check-in system fully

15    accessible to, and independently usable by individuals with visual

16    disabilities. To accomplish this objective, Plaintiffs pray the permanent

17    injunction require Defendant to fully implement the following practices

18    and policies:

19            (i.) Assess a visual disabled individual's disability to determine

20            the appropriate auxiliary aids and services, and the timing,

21            duration, and frequency with which they will be provided upon a

22            visual disabled individual's arrival at Defendant's facilities. If

23            the visual disabled individual does not request auxiliary aides or

24            services, but Defendant has reason to believe the individual

25            would benefit from auxiliary aids and services, Defendant shall

26            inform the individual that auxiliary aids and services are

27            available free of charge;

28            (ii) Assess the need for auxiliary aids and services, and the

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

FIRST AMENDED CLASS ACTION COMPLAINT

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

timing, duration, and frequency with which they will be provided upon a visual disabled individual's arrival at Defendant's facilities;

(iii) Provide auxiliary aids and services to visual disabled individuals to permit them to use the touchscreen kiosks independently;

(iv) Develop and maintain a written policy explaining that Defendant will provide auxiliary aids and services, where such auxiliary aids and services are needed, to assist individuals with visual disabilities with independently accessing touchscreen kiosks at Defendant's facilities;

(v) Provide training for all of Defendant's employees who may interact with individuals with visual disabilities at Defendant's facilities on how to provide auxiliary aids and services to these individuals.

Plaintiffs further pray that under this permanent injunction the Court retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause it to remain fully in compliance with the law—the specific injunctive relief requested by Plaintiffs are described more fully in paragraph 11 above.

c.    An Order certifying the classes proposed by the Individual Plaintiffs, naming the Individual Plaintiffs as class representatives, and appointing their counsel as class counsel;

d.    On Behalf of the Individual Plaintiffs and the Proposed Class: Payment of statutory damages, in accordance with California Civil Code §§ 52(a) and 54.3 to the California sub-class;

e.    On Behalf of the Individual Plaintiffs and the Proposed Class: Payment

30

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

of compensatory damages to the Individual Plaintiffs and the class;

f.     Payment of costs of suit;

g.     Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505, 29 U.S.C. § 794(a), 45 U.S.C. §92.5(a) (applying Section 504 remedies to Section 1557 claims), Cal. Civil Code §52, and Civ. Proc. Code § 1021.5,  including costs of monitoring Defendant's compliance with the judgment (*see Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*, Case No. 2:16-cv-01898-AJS (W.D. Pa. Jan. 11, 2018) (ECF 191) ("Plaintiffs, as the prevailing party, may file a fee petition before the Court surrenders jurisdiction. Pursuant to *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986), *supplemented*, 483 U.S. 711 (1987), the fee petition may include costs to monitor Defendant's compliance with the permanent injunction."); *see also Access Now, Inc. v. Lax World, LLC*, No. 1:17-cv-10976-DJC (D. Mass. Apr. 17, 2018) (ECF 11) (same);

h.     On Behalf of the Individual Plaintiffs and the Proposed Class: Award of prejudgment interest pursuant to California Civil Code §3291;

i.     An Order retaining jurisdiction over this case until Defendant has complied with the Court's Orders; and,

j.     The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: September 3, 2020              By:    */s/ Jonathan D. Miller*
                                              Jonathan D. Miller (SBN 220848)
                                              jonathan@nshmlaw.com
                                              Alison M. Bernal (SBN 264629)
                                              alison@nshmlaw.com
                                              NYE, STIRLING, HALE & MILLER, LLP
                                              33 West Mission Street, Suite 201
                                              Santa Barbara, CA 93101
                                              Telephone: (805) 963-2345
                                              Facsimile: (805) 284-9590

                                              *Signatures continued below.*

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Benjamin J. Sweet
(Admitted *Pro Hac Vice*)
ben@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Telephone: (412) 857-5350

Matther K. Handley
(*Pro Hac Vice* Forthcoming)
mhandley@hfajustice.com
HANDLEY FARAH &
ANDERSON PLLC
777 6th St NW
Washington, DC 20001
Telephone: (202) 559-2411
Facsimile: (844) 300-1952

*Attorneys for Plaintiffs Luke Davis, Julian Vargas, the American Council of the Blind, and the Class*

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs AMERICAN COUNCIL OF THE BLIND, LUKE DAVIS, and

3    JULIAN VARGAS hereby demand a trial by jury of all claims so triable in the

4    above-referenced matter.

5

6    Dated: September 3, 2020

By:    */s/ Jonathan D. Miller*
Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com

7    Alison M. Bernal (SBN 264629)
alison@nshmlaw.com

8    NYE, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201

9    Santa Barbara, CA 93101
Telephone: (805) 963-2345

10   Facsimile: (805) 284-9590

11   Benjamin J. Sweet
(Admitted *Pro Hac Vice*)

12   ben@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP

13   1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243

14   Telephone: (412) 857-5350

15   Matther K. Handley
(*Pro Hac Vice* Forthcoming)

16   mhandley@hfajustice.com
HANDLEY FARAH &

17   ANDERSON PLLC
777 6th St NW

18   Washington, DC 20001
Telephone: (202) 559-2411

19   Facsimile: (844) 300-1952

20

21   *Attorneys for Plaintiffs Luke Davis, Julian*
*Vargas, the American Council of the Blind,*

22   *and the Class*

23

24

25

26

27

28

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

33