Jonathan D. Miller (Bar No. 220848)
jonathan@nshmlaw.com
Alison M. Bernal (Bar No. 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

*Attorneys for Plaintiffs, Luke Davis, Julian Vargas, American Council of the Blind, and the Certified Class*

*Additional counsel for Plaintiffs listed on siganture page.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

LUKE DAVIS, JULIAN VARGAS, and AMERICAN COUNCIL OF THE BLIND, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LABORATORY CORPORATION OF AMERICA HOLDINGS,

Defendant.

CASE NO.: 2:20-cv-00893-FMO-KS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REFINE CLASS DEFINITIONS**

*{Concurrently filed with Notice of Motion, Declaration of Alison Bernal, and [Proposed] Order}*

Hon. Fernando Olguin
Date: July 21, 2022
Ctrm: 6D
Time: 10:00 a.m.

FAC Filed: September 3, 2020
Trial Date: Not yet set



NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

## I. INTRODUCTION

Pursuant to F.R.CP. 23(c)(1)(C), Plaintiffs Luke Davis and Julian Vargas, individually and on behalf of the nationwide and California certified classes (collectively "Plaintiffs"), bring the following motion to modify the Court's May 23, 2022, and June 13, 2022, (amended) class certification orders (Dkt. 97 and 103) to refine the class definitions pursuant to *Olean v. Bumble Bee Foods,* 31 F.4th 651 (9th Cir. 2022). Plaintiffs seek refinement to remove any claim by Laboratory Corporation of America Holdings ("LabCorp" or "Defendant") that the current class definitions contain "fail-safe" language in contravention with the Ninth Circuit's decision in *Olean*. While Plaintiffs do not concede the existing definitions are "fail-safe," and further agree with this Court's conclusion that Defendant waived its "fail-safe" argument by not previously asserting it (*see* Amended Order, Dkt. 103), Plaintiffs nevertheless move this Court for refinement to "secure the just, speedy, and inexpensive determination" of this action by avoiding unnecessary argument and appeals.[1] Fed. R. Civ. P. 1.

## II. THE COURT HAS AUTHORITY TO MODIFY ITS CLASS CERTIFICATION RULING

There is no dispute "courts retain discretion to revisit class certification throughout the legal proceedings, and may rescind, modify, or amend the class definition in light of subsequent developments in the litigation." *Krueger v. Wyeth*,

---

[1] Refining the class definitions as outlined in *Olean* would resolve the gravamen of Defendant's pending Rule 23(f) appeal, as it would render the issue moot. *Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989) ("If events subsequent to the filing of an appeal moot the issues presented in a case, no justiciable controversy is presented.") (citing *Aguirre v. S.S. Sohio Intrepid*, 801 F.3d 1185, 1189 (9th Cir. 1986)); NASD *Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) ("A case is moot on appeal if no live controversy remains at the time the court of appeals hears the case.") (citing *GTE Cal., Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994)).





NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

Inc., 310 F.R.D. 468, 473-74 (S.D. Cal. 2015). This authority is found in Federal Rule of Civil Procedure 23(c)(1)(C), which states, "[a]n order that grants or denies class certification may be altered or amended before final judgment[,]" and in Supreme Court case law. *See generally Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.") "In considering the appropriateness of [modification or] decertification, the standard of review is the same as a motion for class certification: whether the Rule 23 requirements are met.'" *Roy v. County of Los Angeles*, No. CV 13-04416-AB (FFMx), 2018 WL 3435417, at *2 (C.D. Cal. July 11, 2018) (quoting *Marlo v. United Parcel Serv., Inc.*, 251 F.R.D. 476, 479 (C.D. Cal. 2008)). *See also Lyon v. U.S. Immigration & Customs Enforcement*, 308 F.R.D. 203, 210-11 (N.D. Cal. 2015); *Astiana v. Kashi Co*., 295 F.R.D. 490, 492 (S.D. Cal. 2013) (same).

Plaintiffs' refined classes are intended to be identical in every way to the certified classes, except that they are defined in a way that comports with the Ninth Circuit's holding in *Olean v. Bumble Bee Foods,* 31 F.4th 651 (9th Cir. 2022) regarding "fail-safe" classes.

## III. BACKGROUND

On April 26, 2021, Plaintiffs moved to certify both a nationwide injunctive relief Class and the California Unruh Act damages Class based on Defendant discriminating against legally blind individuals at its patient service centers.

On April 8, 2022, the Ninth Circuit *en banc* issued its opinion in *Olean v. Bumble Bee Foods,* 31 F.4th 651 (9th Cir. 2022). Though the decision in *Olean* disapproved of "fail-safe" class definitions for Rule 23(b)(3) classes, the decision affirmed certification of three Rule 23(b)(3) classes and included key favorable holdings. Notably, *Olean* instructs that refinement of a class definition—not decertification or dismissal—is the appropriate remedy where a class definition is

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

found to be potentially infirm but the elements necessary for class certification are otherwise established. *Olean*, 31 F. 4th at 669, n.14.

On May 19, 2022, four days before this Court issued its Order certifying both the California Unruh Act damages Class and the nationwide ADA injunctive relief Class, counsel for Plaintiffs sent a meet-and-confer communication pursuant to Local Rule 7–3 to counsel for LabCorp. (Ex. 1, attached to Declaration of Alison Bernal ("Bernal Decl.") at ¶ 6.) The communication stated:

> Dear Counsel,
>
> We are writing pursuant to Local Rule 7-3 to meet and confer on Plaintiffs' anticipated motion to refine the proposed class definition pursuant to *Olean v. Bumble Bee Foods,* 31 F.4th 651 (9th Cir. 2022). The proposed new class definitions are as follows:
>
> **Nationwide Injunctive Class:** All legally blind individuals in the United States who visited a LabCorp patient service center but were not able to utilize the LabCorp Express service because it lacked accessible features.
>
> **California Minimum Statutory Damages Class**: All legally blind individuals in California who visited a LabCorp patient service center in California but were not able to utilize the LabCorp Express service because it lacked accessible features.
>
> Plaintiffs' anticipated motion would not argue or introduce any new evidence; it would simply request the Court substitute the prior definitions as stated in Dkt. 66 with the refined definitions stated above in light of the change in Ninth Circuit law.
>
> Before filing the motion, I would like to ask whether LabCorp will stipulate to substitute the above definitions for the prior-stated definitions? Because class certification orders are interlocutory in nature, with the Court retaining jurisdiction to modify the class definition, and further because this Court has not yet ruled on class certification, we do not believe there will be any prejudice to defendant. The stipulation would simply state there has been a recent change in 9th circuit law (*Olean*), and in light of this change, the parties stipulate that the class definitions as previously stated in Plaintiff's motion for class certification (Dkt. 66) be substituted with the proposed class definitions above, and that both sides retain all arguments raised in the respective briefing on class certification (Dkt. 66, 83 86, and all supporting docs).
>
> Please let me know if you will agree to this stipulation. Additionally, we are available to further meet and confer telephonically either tomorrow or early next week, if you would like to further discuss this. Thank you,

(*Id.*)

Four days later, on May 23, 2022, this Court issued its Order certifying both





NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

the nationwide injunctive relief Class and the California Unruh Act damages Class. (Dkt. 97.)

On June 6, 2022, Defendant filed a Rule 23(f) Petition with the Ninth Circuit. LabCorp's Petition is based, in large part, on what it claims are "fail-safe" class definitions which violate the Ninth Circuit's newly established prohibition on "fail-safe" class definitions in *Olean.*[2] See *Olean*, at n.14.

After having an opportunity to fully review this Court's class certification Order, the Ninth Circuit's decision in *Olean,* and LabCorp's Rule 23(f) Petition, Plaintiffs further sought LabCorp's agreement to stipulate to refined class definitions which remove all arguably "fail-safe" language. Specifically, on June 9, 2022, Plaintiffs sent the following Local Rule 7-3 communication to counsel for LabCorp:

> We have further considered your comments regarding the contours of the refined class definition and will be proposing the following refine definitions to the Court.
>
> **California Damages Class:**
>
> All legally blind individuals who visited a LabCorp patient service center with a LabCorp Express Self-Service kiosk in California during the applicable limitations period, but were unable to use the LabCorp Express Self-Service kiosk.
>
> **Nationwide Injunctive Relief Class:**
>
> All legally blind individuals who visited a LabCorp patient service center with a LabCorp Express Self-Service kiosk in the United States during the applicable limitations period, but were unable to use the LabCorp Express Self-Service kiosk.

(Ex. 3, attached to Bernal Decl. at ¶ 6.) The letter was followed by a conference

[2] Plaintiffs have also reviewed this Court's June 14, 2022 Amended Order Regarding Class Certification (discussed *infra*), which correctly noted that Defendant failed to raise any issues related to a purported "fail-safe" class until the Rule 23(f) appeal.





NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

of counsel that took place on June 9, 2022. During the conference, Defendant indicated it would not stipulate to the refined class definitions and the issue would need to be resolved by this motion.

On June 13, 2022, this Court issued an Amended Order on Class Certification *sua sponte.* (Dkt. 103.) The Amended Order adds footnote 4 as follows:

> To the extent LabCorp may be challenging the nationwide class on the ground that it is a fail-safe class, the court rejects the challenge, as defendant merely referenced a "fail-safe class" in its "Introductory Statement," (see Dkt. 66-1, Joint Br. At 6); it provided no argument or authority to support its challenge. (See, generally, id. at 30-32, 34-45, 47-53); (Dkt. 86, Supplemental Memorandum in Support of LabCorp's Opposition to Motion to Certify Class); see Beasley v. Astrue, 2011 WL 1327130, *2 (W.D. Wash. 2011) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work – framing the argument, and putting flesh on its bone through a discussion of the applicable law and facts.").

## IV. ARGUMENT

In *Olean*, the Ninth Circuit—for the first time—held that "fail-safe" classes are no longer permissible in Rule 23(b)(3) actions like this one. The Court stated:

> A court may not, however, create a "fail safe" class that is defined to include only those individuals who were injured by the allegedly unlawful conduct. *See Ruiz Torres*, 835 F.3d at 1138 n.7 (internal quotation marks omitted). "Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Messner*, 669 F.3d at 825. **But, ultimately, the problem of a potentially "over-inclusive" class "can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis."** ***Id.***

*Olean*, 31 F.4th at 669 (emphasis added). The takeaway from *Olean* in this regard is that (1) fail-safe classes are not permissible in Rule 23(b)(3) class actions; and (2) refinement of the class definition—and not decertification or dismissal—is the appropriate remedy where a court confronts a potentially fail-safe class definition. *Id.*

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

As noted in its class certification Order, this Court has "broad discretion to determine whether a class should be certified and to revisit that certification throughout the legal proceedings before the court. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 810 (9th Cir. 2010)." To wit, this Court—*sua sponte*—has already refined the Class definitions to limit Class membership to those within the respective applicable limitations periods. (*See* Dkt. 97 at 24 n.16; Dkt. 103 at 24 n.17.)

Determining what is (and is not) a fail-safe class definition requires careful consideration. In enunciating its prohibition on fail-safe class definitions, the *Olean* Court rested its holding on the Seventh Circuit's decision in *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 824 (7th Cir. 2012). A later Seventh Circuit opinion, *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660-61 (7th Cir. 2015) further illuminated the contours of a "fail-safe" definition. It held that a class definition is not fail-safe when "[i]t identifies a particular group of individuals [ ] harmed in a particular way [ ] during a specific period in particular areas."). *Id.* Put another way, *Mullins* defines a non-fail-safe class definition as one that is subject to objective criteria. *Id.* at 657.

While Plaintiffs do not concede the existing Class definitions are "fail-safe," to (1) remove any doubt on an issue that amounts to classic "form over substance," and (2) avoid burdening the Class and the appellate court with a lengthy and unnecessary appeal, Plaintiffs hereby move to slightly refine the existing Class definitions to remove any potentially fail-safe language.

The current nationwide injunctive relief Class definition is as follows:

> All legally blind individuals in the United States who visited a LabCorp patient service center in the United States during the applicable limitations period and were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

> due to LabCorp's failure to make its e-check in kiosks accessible to legally blind individuals.

The existing California class definition is as follows:

> All legally blind individuals in California who visited a LabCorp patient service center in California during the applicable limitations period and were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations due to LabCorp's failure to make its e-check in kiosks accessible to legally blind individuals.

Accordingly, the certified Classes hereby move to slightly refine the existing Class definitions to read as follows:

> **Nationwide Injunctive Class:** All legally blind individuals who visited a LabCorp patient service center with a LabCorp Express Self-Service kiosk in the United States during the applicable limitations period, but were unable to use the LabCorp Express Self-Service kiosk.

> **California Class**: All legally blind individuals who visited a LabCorp patient service center with a LabCorp Express Self-Service kiosk in California during the applicable limitations period, but were unable to use the LabCorp Express Self-Service kiosk.

These proposed refined class definitions are not fail-safe in any way because each requirement for class membership is subject to objective criteria. Specifically, a person only qualifies as a class member if he or she (1) is legally blind; (2) visited a LabCorp PSC; (3) in the United States; (4) during the applicable limitations period and (5) was unable to use the LabCorp Express Self-Service kiosk.

## V. CONCLUSION

For the reasons described above, and to avoid the needless waste of the parties' and the appellate court's resources through an appeal on the basis of a fail-safe class definition, the certified Classes respectfully request that the Court refine the class definitions as described herein.



NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

Dated: June 16, 2022

Respectfully submitted,

By: */s/ Jonathan D. Miller*

Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Benjamin J. Sweet
(*admitted pro hac vice*)
ben@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Telephone: (412) 857-5350

Matthew K. Handley
(*admitted pro hac vice*)
mhandley@hfajustice.com
HANDLEY FARAH &
ANDERSON PLLC
200 Massachusetts Ave, NW 7th Floor
Washington, DC 20001
Telephone: (202) 559-2411
Facsimile: (844) 300-1952

*Attorneys for Plaintiffs, Luke Davis, Julian Vargas, American Council of the Blind, and the Certified Class*